660　　　　　　July 9, 2025　　　　　No. 606

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

OREGON OCCUPATIONAL SAFETY
& HEALTH DIVISION,
*Plaintiff-Respondent,*

*v.*

OEG, INC.,
*Defendant-Petitioner.*

Workers' Compensation Division
1900010SH; A180607

Argued and submitted April 15, 2024.

James S. Anderson argued the cause for petitioner. Also on the briefs was Cummins, Goodman, Denley & Vickers, P.C.

Inge D. Wells, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, Hellman, Judge, and DeVore, Senior Judge.

ORTEGA, P. J.

Affirmed.

## ORTEGA, P. J.

Petitioner, OEG, Inc. (OEG), seeks judicial review of a final order that affirmed an alternative violation finding against it by Oregon Occupational Safety & Health Division (OR-OSHA). OEG argues in its first assignment of error that the administrative law judge (ALJ) erred in finding that OR-OSHA's interpretation of "authorized" within the meaning of OAR 437-001-0760(1)(a) was plausible. OEG also asserts, in a second assignment of error, that OR-OSHA lacked statutory authority to allege violations "in the alternative," and, in a third assignment of error, that OR-OSHA's alleged alternative violation went against its own policy that alternative violations must be based on the same set of operative facts. We conclude that the ALJ did not err in finding that OR-OSHA's definition of "authorize" was plausible, and that no statute prohibited OR-OSHA alleging violations in the alternative, nor was doing so contrary to OR-OSHA policy. Accordingly, we affirm.

We summarize the factual and procedural history necessary to explain our reasoning. OEG was contracted to install electrical equipment. In preparing to utilize a gantry crane to move materials for installation, OEG superintendent Michael Archdeacon enlisted the help of two journeyman electricians, including Jeffrey Jensen, to assemble the crane. After successful assembly, Jensen, Archdeacon, and an apprentice operated the crane over the next several days to complete the installation. When he was convinced that the other two could complete the job safely, Archdeacon allowed Jensen and the apprentice to operate the crane without supervision.

Archdeacon had told Jensen that once that stage of work was completed, they would need to disassemble the crane and move it to another room. Archdeacon testified credibly that he believed he had communicated to Jensen that they would disassemble the gantry crane together. However, Jensen testified that he was told to "disassemble it and get it over to the other room" without any indication to wait for supervision. Jensen asked the apprentice to find the journeyman who had previously helped assemble the crane. While they waited for the other journeyman, Jensen

and the apprentice began the disassembly process, during which Jensen was injured when a support leg fell toward him, striking him in the back.

OR-OSHA issued the following alternative violation relevant to this appeal:

> "OAR 437-001-0760(1)(a): The employer did not see that workers were properly instructed and supervised in the safe operation of any machinery, tools, equipment, process, or practice which they were authorized to use or apply: (a) The employer did not ensure that two employees were trained and supervised in the safe disassembly of a Spanco gantry crane which resulted in an employee injury ***."

OEG timely appealed the citation to the Hearings Division of the Workers' Compensation Board. Ultimately, by an Opinion and Order on Reconsideration, the ALJ affirmed the alternative violation instead of the primary violation, finding that Jensen was authorized to engage in the disassembly, and that "the lack of clear communication between Archdeacon and Jensen [did] not defeat a showing of authorization. Rather, it is proof of the lack of proper instruction and supervision." This appeal followed.

In considering OEG's first assignment of error, we review an ALJ's interpretation of administrative rules for legal error. *Kuhn v. Dept. of Human Services*, 283 Or App 695, 699, 389 P3d 1167 (2017). In accordance with that standard, we conclude that an ALJ does not legally err when deferring to "an agency's interpretation of its own rule if that interpretation is plausible given the wording of the rule, its context, and any other source of law." *OR-OSHA v. United Parcel Service, Inc.*, 312 Or App 424, 434, 494 P3d 959 (2021). As with statutory interpretation, we consider the text and context of administrative rules to discern their plausible meaning. *State v. Hogevoll*, 348 Or 104, 109, 228 P3d 569 (2010).

Here, the parties disagree on the plausible meaning of "authorized" within the meaning of OAR 437-001-0760(1)(a). That rule states that "[t]he employer must see that workers are properly instructed and supervised in the safe operation of any machinery, tools, equipment, process, or practice that they are authorized to use or apply." OAR 437-001-0760(1)(a). As a term of common usage, OR-OSHA

relied on the accepted common meaning of "authorized" as "having authority : marked by authority : recognized as having authority." *Webster's Third New Int'l Dictionary* 146 (unabridged ed 1993). Further, OR-OSHA interprets OAR 437-001-0760(1)(a) to require that an employer "ensures employees are *** supervised in the safe operation of *** any kind of machinery, equipment, process, practice that they are *allowed to perform*." (Emphasis added.) This interpretation, according to OR-OSHA, includes implied authorization, which would apply to situations in which the employer did not give express authority to perform the task without supervision, but the employee was allowed to perform the task as part of their job duties. While other interpretations of "authorized" may be plausible, we conclude that OR-OSHA offered a plausible interpretation, and thus, defer to the agency's interpretation. *See United Parcel Service, Inc.*, 312 Or App at 434.

We proceed to address OEG's second and third assignments of error. We review for legal error whether OR-OSHA lacked statutory authority to allege a violation in the alternative, and review for substantial evidence whether that alleged alternative violation violated OR-OSHA's policy. ORS 183.482(8)(a); ORS 183.482(8)(c). OEG argues that OR-OSHA lacked statutory authority to allege alternative violations in a citation and suggests that ORS 654.025 (3)(c) prohibits alternative violations. We are not persuaded. While ORS 654.025(3)(c) prohibits multiple citations and penalties for the same fact pattern or condition, the statute is silent on whether OR-OSHA may allege alternative violations in the same citation involving the same set of facts, the exercise of which would only result in one citation and penalty. No statute restricts OR-OSHA's ability to allege alternative violations, and OR-OSHA is provided broad discretion in interpreting and applying administrative rules. *See* OAR 437-001-0025. As we noted in *United Parcel Service, Inc.*, "[t]he only express constraint on OR-OSHA's interpretative authority is one that OR-OSHA itself mandates: Its 'rules shall be liberally construed to accomplish the preventative purposes expressed in the [OSEA].'" 312 Or App at 436 (quoting OAR 437-001-0025). We conclude that OR-OSHA had authority to allege a violation in the alternative.

We also find substantial evidence in the record to support the ALJ's finding that the alternative violation was based on the same set of operative facts as the primary violation. *See* ORS 183.482(8)(c) ("Substantial evidence exists to support a finding of fact when the record, viewed as a whole, would permit a reasonable person to make that finding."). OR-OSHA testified that its internal policy on alleging a violation in the alternative is to do so "when *** the facts are the same, but I have two different rules that would apply to a single set of facts." OEG correctly pointed out that OR-OSHA added two words—"and supervised"—to the description of the incident when it alleged the alternative violation.[1] While it is not ideal that the description of the incident differed slightly, the record supported the ALJ's finding that the alleged alternative violation was based on the same set of facts. The factual record extends beyond what is alleged in OR-OSHA's brief description of events in its citation. That is, both violations were substantively based on the same communications, and the same disassembly of the gantry crane that ultimately resulted in Jensen's injury.

Affirmed.

---

[1] The difference between the primary and alternative violation descriptions in OR-OSHA's citation is italicized: "(a) The employer did not ensure that two employees were trained *and supervised* in the safe disassembly of a Spanco gantry crane which resulted in an employee injury."